Jose W. YEPEZ, Plaintiff–Appellant,

v.

John A. ASHCROFT,* Attorney General; Bureau of Prisons; Warden MDC; (Unknown) Chakmakis, Dr.; Melinda Haag, Defendants,

and

United States of America, Defendant–Appellee.

No. 99–55895.

D.C. No. CV–95–02597–SVW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2001.

Decided March 5, 2001.

Before LEAVY, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Jose Yepez appeals the district court's dismissal of his complaint for failure to

---

* John A. Ashcroft, is substituted for his predecessor, Janet Reno, Attorney General. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided in Ninth Circuit Rule 36–3.

prosecute and failure to file an amended complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.

## DISCUSSION

■ As the parties are familiar with the facts of this case, we will only repeat them here as necessary to explain our decision. We review for an abuse of discretion a district court's dismissal of a complaint for failure to prosecute and failure to obey court orders. *See, e.g., Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir.1992); *Yourish v. California Amplifier*, 191 F.3d 983, 986 & 989 (9th Cir.1999).

■ Yepez's primary argument, that the district court's order to file an amended complaint violated the parties' stipulation, is without merit. Our previous order accepting the stipulation specifically stated that the district court could require an amended complaint, and the district judge was therefore well within his discretion in ordering Yepez to file one. We therefore deny Yepez's Motion to Strike Allegations Contrary to the Stipulation.

■ Dismissal was also fully appropriate given Yepez's repeated refusal to file an amended complaint, his demand that the district court amend the complaint itself, his profanity and abuse of the district judge, and his statements that the district court should dismiss the case so that he could appeal. Most of the factors we consider in reviewing a district court's dismissal of a case also support dismissal. Namely, the public's interest in expeditious resolution of disputes and the district court's management of its docket are ill-served by abusive litigants such as Yepez. *See, e.g., Yourish*, 191 F.3d at 990–992. Moreover, the scurrilous antics Yepez exhibited made it clear that warning him or considering alternative sanctions would have been futile. *See Oliva*, 958 F.2d at

274. Given these facts, it was clearly not an abuse of discretion for the district judge to dismiss the case.

Motion DENIED, Judgment AFFIRMED.